PER CURIAM.
Stan Alfrod appeals his convictions and sentences for robbery, burglary, and resisting an officer without violence. We affirm in part and reverse in part.
We find no merit in defendant’s challenge to his robbery conviction. All convictions are affirmed.
We find error in the sentence and remand for resentencing. The State sought to have the defendant adjudicated a habitual violent felony offender. See § 775.084(1)(b), Fla.Stat. (1993). The trial court declined to impose a habitual violent felony offender adjudication, but instead found defendant to be a habitual felony offender. See § 775.084(1)(a), Fla.Stat. (1993). The trial court then imposed a sentence of ten years, with a mandatory minimum sentence of five years. In so doing, the trial court imposed an illegal sentence because the habitual offender statute contains mandatory minimum sentences for violent habitual felony offenders, but not habitual felony offenders. Compare § 775.084(4)(b), Fla.Stat. (1993), with § 775.084(4)(a), Fla.Stat. (1993). It is clear that the trial court sought to assure that the defendant would serve at least five years in prison, but the five year mandatory minimum cannot be imposed as part of paragraph 775.084(4)(a), Florida Statutes (1993).
*550 We therefore reverse the sentencing order and remand for resentencing to an appropriate and legal sentence. This matter is returned to the trial court for sentencing before a different trial judge, said sentences to be in accordance with applicable law.
Convictions affirmed; sentencing order reversed and remanded for resentencing.